IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.

HANNAH PAGE, individually and on behalf of all others similarly situated,

 Plaintiff,

v.

WYZE LABS, INC.,

 Defendant.

## NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant WYZE LABS, INC. ("Wyze") hereby gives notice of removal of this action from the Circuit Court of the Fourth Judicial Circuit in and for Nassau County, Florida (the "Circuit Court") to the United States District Court for the Middle District of Florida.

In support of removal, Wyze states as follows:

### I. BACKGROUND

On March 2, 2023, Plaintiff Hannah Page commenced this action, *Hannah Page v. Wyze Labs, Inc.*, Case. No. 23CA000084AXYX, in the Circuit Court of the Fourth Judicial Circuit in and for Nassau County, Florida. On March 10, 2023, Wyze was served with copies of the Complaint and Summons. *See* Ex.

"A" (notice of service of process and served copies transmitted to Wyze by registered agent). Accordingly, this Notice of Removal is filed within thirty (30) days of receipt of the Complaint and Summons and is timely under 28 U.S.C. § 1446(b)(1).

Ms. Page alleges that Wyze sent marketing text messages in violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA"). Specifically, she alleges that Wyze has "engaged in a telemarketing campaign through which it knowingly and intentionally" sent text messages to the phone numbers of Wyze customers with Florida area codes, including the telephone number she regularly uses. Compl. ¶¶ 3–4.

Ms. Page brings this action as a putative class action, seeking to represent "[a]ll persons in Florida who, at any time since July 1, 2021, received a telephonic sales call made by or on behalf of Defendant using the same type of equipment used to make telephonic sales calls to [Ms. Page]." *Id*. ¶ 23. She alleges that "at least several thousand persons dispersed throughout Florida" had "collectively received at least tens of thousands of telephonic sales calls by or on behalf of [Wyze]." *Id*. ¶ 31.

On behalf of herself and the putative class, Ms. Page seeks statutory damages, injunctive relief, and attorney fees and costs. *Id*. at 10–13.

## II. GROUNDS FOR REMOVAL

### A. This action is removable under the Class Action Fairness Act of 2005.

"[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the District Courts of the United States have original jurisdiction over it pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also id.* § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts original jurisdiction over putative class actions in which (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, these requirements are met, and this matter is removable.

### 1. This is a putative class action in which the aggregate number of proposed class members is 100 or more.

This action is a putative class action within the meaning of CAFA, which defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing

an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Florida Rule of Civil Procedure 1.220, in turn, "is based on Federal Rule of Civil Procedure 23." *Concerned Class Members v. Sailfish Point, Inc.*, 704 So. 2d 200, 201 (Fla. Dist. Ct. App. 1998).

Ms. Page filed this action under Florida Rule of Civil Procedure 1.220, which allows for a claim to "be maintained on behalf of a class" when "the members of the class are so numerous that separate joinder of each member is impracticable"; there are "questions of law or fact common to the questions of law or fact raise by the claim"; "the claim . . . of the representative party is typical of the claim . . . of each member of the class"; and "the representative party can fairly and adequately protect and represent the interests of each member of the class." Fla. R. Civ. P. 1.220(a)(1)–(4).

In addition, Ms. Page alleges a putative class of more than 100 members. Compl. ¶ 31 (alleging that there are "at least several thousand persons dispersed throughout Florida" who are members of the putative class).

### 2. The amount in controversy exceeds $5,000,000.

CAFA authorizes courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). "The amount in controversy is not proof of the amount the plaintiff will recover. Rather,

it is an estimate of the amount that will be put at issue in the course of the litigation." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (cleaned up).

Here, the relief that Ms. Page requests on behalf of herself and the proposed class demonstrates that she has put more than $5 million at issue. For "at least several thousand persons dispersed throughout Florida," Compl ¶ 31, Ms. Page seeks a minimum award of $500.00 in statutory damages for each alleged text message or telephonic sales call made by Wyze, *id.* ¶¶ 12, 49; *see also* Fla. Stat. § 501.059(10)(a)(2). On behalf of the same class, Ms. Page also seeks a maximum award of $1,500.00 in statutory damages for each alleged text message or telephonic sales call "willfully or knowingly" made by Wyze. Fla. Stat. § 501.059(10(a)(2).

Beginning July 1, 2021, Wyze sent more than 10,000 marketing text messages to telephone numbers with area codes in Florida. Declaration of Logan Dunn in Support of Wyze Notice of Removal ("Dunn Decl.") ¶ 3. Thus, the alleged minimal statutory damages of $500 for each of the text messages Wyze sent to Florida area codes surpasses CAFA's in-excess-of-$5-million threshold.

Ms. Page's additional requests for relief further increase the amount she has placed in controversy. In addition to statutory damages, Ms. Page requests attorney fees and injunctive relief to prohibit the telephonic solicitation of customers in Florida for the purposes of selling Wyze's consumer goods or services or to acquire the prior express written consent of those customers before any telephonic

solicitation. Compl. at 13, ¶¶ 45–49. Those additional forms of relief sought count toward the amount in controversy. *See* Fla. Stat. § 501.059(11)(a) (providing for "reasonable attorney's fees and costs from the nonprevailing party"); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002) ("The value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted.").

For those reasons, the amount placed in controversy here exceeds $5 million, satisfying that CAFA requirement.

### 3. The parties are minimally diverse.

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Ms. Page is a citizen of Nassau County, Florida. Compl. ¶ 4. Wyze is a Delaware corporation with its headquarters in Kirkland, Washington. Dunn Decl. ¶ 2; *see also* Compl. ¶ 5 (alleging that Wyze "is organized and incorporated under the laws of Delaware and maintains its corporate headquarters and principal place of business in Kirkland, Washington."). Thus, the minimal diversity

requirement is met because at least one putative class member—Ms. Page—is diverse from Wyze.

\* \* \*

Because Ms. Page's action is a putative class action involving more than 100 alleged class members, claiming more than $5 million in relief in the aggregate, and involving minimal diversity between Ms. Page and Wyze, the action is removable under CAFA.

### B. None of CAFA's exceptions bars removal in this case.

This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. § 1332(d)(4), § 1332(d)(9), or § 1453(d).

Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" *and* "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members *and* "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here because the only defendant, Wyze, is a citizen of Delaware and Washington and is not a citizen of Florida—the state where the action was filed. *See*

*Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1167 (11th Cir. 2006) (holding that plaintiffs failed to prove that the local controversy exception applied in Alabama action when, although one defendant was an "Alabama corporation," plaintiffs failed to prove that this defendant "was 'significant' with respect to liability"); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) ("Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the [local controversy] exception.").

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that Section 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id.* § 1453(d) (same). Those provisions do not bar jurisdiction here because Ms. Page's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934 and do not involve state-centric corporate governance issues.

### C. Venue in the Middle District of Florida is proper.

The Middle District of Florida is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Circuit Court of Nassau County, where the Complaint was filed and pending at the time of this Notice of Removal. *See* 28 U.S.C. § 1441(a).

**D. Wyze has satisfied all required removal procedures.**

This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1). On March 10, 2023, Wyze was served with copies of the Complaint and Summons. *See* Ex. A (notice of service of process and all served copies transmitted to Wyze by registered agent).

As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Wyze are being filed with this Notice of Removal as Exhibit A. According to its records, no other process, pleadings, or orders have been served on Wyze.

Pursuant to 28 U.S.C. § 1446(d), Wyze will promptly serve on Ms. Page and file with the Circuit Court a Notice of Filing Notice of Removal. Wyze will also include a certificate of service pursuant to Federal Rule of Civil Procedure 5(d).

### III.    RESERVATION OF RIGHTS AND DEFENSES

In removing this action, Wyze does not accept the allegations in the Complaint as true, denies that it violated any laws, and expressly reserves all defenses and rights with respect to Ms. Page's claims. *See, e.g.*, *Pretka*, 608 F.3d at 751 ("The amount in controversy is not proof of the amount the plaintiff will recover."); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

## IV.  CONCLUSION

Wyze respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Nassau County, Florida. Wyze further requests any other relief that the Court deems appropriate.

Dated: April 6, 2023   Respectfully submitted,

By: */s/ Jamey R. Campellone*
BETH-ANN E. KRIMSKY
Florida Bar No. 968412
E-mail: beth-ann.krimsky@gmlaw.com
E-mail: clemencia.corzo@gmlaw.com
JAMEY R. CAMPELLONE
Florida Bar No. 119861
Email: jamey.campellone@gmlaw.com
Email: gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4296

ERIC J. WEISS*
* *Lead Counsel*
*Pro Hac Vice Forthcoming*
Email: EWeiss@perkinscoie.com
MALLORY GITT WEBSTER
*Pro Hac Vice Forthcoming*
Email: MWebster@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Tel: (206) 359-3701
Fax: (206) 359-4701

*Attorneys for Wyze Labs, Inc.*

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this **6th** day of **April**, 2023, a copy of the foregoing Notice of Removal was filed with the Clerk of the Court using CM/ECF. The undersigned also certifies that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Jamey R. Campellone*
JAMEY R. CAMPELLONE